No. 00-507

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 129A

FILED

SEP 2 5 2002

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

ALICE P. KLOSS,                                        )
                                                       )
          Plaintiff/Appellant,                         )
                                                       )
     v.                                                )    O R D E R
                                                       )
EDWARD D. JONES & CO., a limited partnership,          )
and PAUL HUSTED,                                       )
                                                       )
          Defendants/Respondents.                      )

The Respondents, Edward D. Jones & Co. and Paul Husted have petitioned this Court pursuant to Rule 34, M.R.App.P., for rehearing. Rule 34 provides in part:

> A petition for rehearing may be presented upon the following grounds and none other: That some fact, material to the decision, or some question decisive of the case submitted by counsel, was overlooked by the court, or that the decision is in conflict with an express statute or controlling decision to which the attention of the court was not directed.

Respondents raise several bases for rehearing. However, we limit our consideration to Respondents' contention that this Court overlooked a material fact when it stated in ¶ 36 of its Opinion that Jones and Husted had discretion to buy and sell securities pursuant to Kloss's 1992 agreement with them. Respondents contend that although Kloss entered into a Full Service Agreement with Jones in 1992 and although there was a provision in the agreement entitled "Customer Loan Agreement" which did authorize Jones and Husted to buy and sell securities, Kloss did not exercise that option.

In response, the Appellant, Alice P. Kloss, points out that whether or not she was a party to the "Customer Loan Agreement" in 1992, a similar or identical provision giving Jones and Husted discretion to buy and sell securities was a part of her 1998 agreement and it is pursuant to that agreement that she contends that Respondents breached their fiduciary duty. Kloss is correct.

Therefore, we deem it appropriate to grant the Respondents' Petition for Rehearing to the extent that the year "1992" in the second line of ¶ 36 is stricken and the year "1998" is substituted therefore.

The Respondents' Petition for Rehearing not otherwise satisfying the requirements of Rule 34, M.R.App.P., is DENIED.

The Clerk of the Supreme Court is directed to mail a copy of this Order to Robert F. James, P.O. Box 1746, Great Falls, Montana 59403, and to Joseph C. Engel, P.O. Box 3222, Great Falls, Montana 59403.

DATED this 25th day of September, 2002.

_____

_____

_____

_____

Justices

2

Justice W. William Leaphart dissenting.

I would grant the petition for rehearing as it applies to Issue Number 2–did the District Court err when it failed to consider whether Defendants owed Kloss a fiduciary duty to explain the arbitration agreement?

The Court cites *Chor v. Piper, Jaffray & Hopwood, Inc.* (1993), 261 Mont. 143, 153, 862 P.2d 26, 32, for the proposition that "[i]n the absence of discretionary authority by a stockholder to buy and sell in a customer's account, no fiduciary relationship is created in a broker-customer relationship." Turning then to the question of whether Mrs. Kloss' account was discretionary, the Court notes that under the 1998 Agreement, there was a "Liquidation of Collateral or Account" section which authorizes the broker to sell the customer's property when, "in your discretion you consider it necessary for your protection." Given this provision, the Court, citing the "plain language" of the Agreement, concludes that the Account was discretionary. Since the Court deems the Account to have been discretionary, it goes on to conclude: "We hold that Husted owed Kloss a fiduciary duty which included explaining the consequences of the arbitration provision Jones now seeks to enforce."

The Court has overlooked a fact material to the decision–that is, the "Liquidation of Collateral or Account" section relied upon as the basis for imposing a fiduciary duty is not part of the general Customer Account Agreement. Rather, it is contained in the "Customer Loan Agreement." When put in its proper context, the "Liquidation of Collateral or Account" clause is only triggered if the client opts to establish a creditor/debtor relationship by exercising her option to borrow against her securities and take out a margin loan or a personal line of credit loan and if her equity in her collateral drops below the minimum level specified by Regulation T of the federal regulations. In the present case, there is no suggestion that Kloss borrowed against her margin account, and, thus, the Customer Loan Agreement simply does not come into play in this analysis.

The arbitration clause in question is contained in the Customer Account Agreement. The question of whether Jones had a fiduciary duty to explain the consequences of the

3

arbitration provision must be resolved by looking at the plain language of the Customer Account Agreement to determine whether it was discretionary. There is nothing in the Customer Account Agreement which gives the broker discretionary authority to buy and sell clients' securities. The Customer Account Agreement is simply not a "discretionary" account, and the fact that the Customer Loan Agreement, a separate and distinct agreement, has a "Liquidation of Collateral or Account" provision is of no consequence. The Customer Loan Agreement was never activated since Kloss did not trade on margin.

Kloss argues that Jones sold her securities without her permission and did so pursuant to the discretion granted under the Liquidation of Collateral or Account provision. If that is proven, then that would constitute a violation of the Customer Loan Agreement which grants discretion only in the event Kloss borrowed against her securities–which she did not. That breach, however, would not retroactively transform the Customer Account Agreement into a discretionary account whereby the broker was required to explain the consequences of the arbitration provision. The Customer Account Agreement was, from its inception and by its own terms, either discretionary or nondiscretionary.

The Court has overlooked the fact that the Customer Account Agreement was nondiscretionary. Thus, under the holding in *Chor*, it did not trigger a fiduciary obligation to explain the consequences of the arbitration provision. I would grant the petition for rehearing on this issue.

_W. William Leaphart_
Justice

Justice Jim Rice joins in the foregoing dissent of Justice Leaphart.

_Jim Rice_
Justice

4